Matthias, J.,
dissenting. The plaintiff’s petition alleges two causes of action. The first is based upon the rule of implied warranty as provided in Section 1315.16, Revised Code. The second is based upon an alleged violation of that part of the Pure Food and Drug Act contained in Sections 3715.52 and 3715.59, Revised Code.
We are in accord with the holding of the Court of Appeals “that where the alleged defect in food served for imme *260 diate consumption on the premises is natural to the product, but is generally an unanticipated or not reasonably expected defect, and is potentially dangerous if chewed or swallowed, the question of whether the food is ‘reasonably fit’ for human consumption under the ‘implied warranty’ statute (Section 1315.16, Revised Code) is one of fact for a jury, and may not properly be determined as a matter of law by the court.”
We also agree with the statements in Dickerson, Products, Liability and the Pood Consumer (1951), 185, Sections 42 and 4.3, that read:
“Insofar as these cases rest on the notion of ‘naturalness’ in the sense that nothing that is an inherent part of the raw product itself can be a legal defect, they do not hold water. * * *
“The better test of what is legally defective appears to be what consumers customarily expect and guard against.”
It follows, under this reasoning, that the plaintiff’s petition states facts constituting a cause of action under the implied warranty rule, since reasonable minds could find that a shell fragment of the size alleged in the petition was not a reasonably expected defect, and that therefore the food served was not reasonably fit for human consumption.
The second cause of action relates to the Pure Pood and Drug Act. Section 3715.52, Revised Code, a part of that act, reads, so far as pertinent, as follows:
“The following acts and the causing thereof are hereby prohibited:
“(A) The manufacture, sale, or delivery, holding or offering for sale of any food, drug, device, or cosmetic that is adulterated or misbranded.”
Section 3715.59, a part of the same act, as pertinent here provides:
“Pood is adulterated within the meaning of Sections 3715.01 and 3715.52 to 3715.72, inclusive, of the Revised Code, if:
“(A) (1) It bears or contains any poisonous or deleterious substance which may render it injurious to health; but in case the substance is not an added substance such food shall not be considered adulterated under this clause if the quantity of such substance in such food does not ordinarily render it injurious to health * * (Emphasis added.)
*261 This court has held in effect that a violation of our statutes making it a crime to sell “food * # * that is adulterated” under the statutory definition is negligence per se.
By virtue of the language (Section 3715.59 (A) (1), Revised Code, supra) in the Pure Food and Drug Act, we are of the opinion that plaintiff’s petition states facts sufficient to constitute a cause of action. In the definition of the word, “adulterated,” the statute in effect adopts the theory that a substance natural to a particular food cannot render it “adulterated.” However, the last part of subsection (A) (1) contains an important qualification which is the pertinent part of the definition as it pertains to this case. As we read the clause, it seems clear that the “naturalness” theory is to be strictly limited in operation to those cases in which the natural substance is not of such a quantity as to ordinarily render it injurious to health.
Consequently, a petition which alleges the presence of a piece of oyster shell 11/5 inches by 1/5 of an inch in one of a serving of sis fried oysters and further alleges a serious injury to the plaintiff as a result of swallowing such a shell states facts sufficient to constitute a cause of action. A question for the determination of a jury is presented as to whether the allegations of the petition, if supported by evidence, come within the definition of “adulterated” food (as that term is defined in Section 3715.59, Revised Code). Reasonable minds could determine that an oyster shell of- the size alleged constitutes á natural substance of such “quantity” as to ordinarily render it injurious to health.
The defendant’s demurrer to the petition should have been overruled, and the judgment of the Court of Appeals should be affirmed.
Weygandt, C. J., and Bell, J., concur in the foregoing dissenting opinion.